```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
TRISHA PARAVAS,
                 Plaintiff,
        -against-
DR. MORAN CERF,
                 Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/17/21
```

21-CV-7463 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of plaintiff Trisha Paravas's letters dated November 8 and 9, 2021 (Dkt. Nos. 19, 24 and 25), which the Court construes as seeking an order enjoining defendant Dr. Moran Cerf from pursuing an application that he has apparently filed in state court to unseal the files in an earlier state court action identified (by defendant, *see* Dkt. No. 22) as *Silbowitz, Garafola, Silbowitz & Schatz v. Paravas*, Index. No. 651994/2018 (Sup. Ct. N.Y. Cty.).[1] Plaintiff argues that defendant is in effect "seeking discovery information from the New York State Court in an unrelated case, while Plaintiff cannot do any discovery in this court which is completely and 1000% unfair and prejudice [sic] to the Plaintiff." (Dkt. No. 25 at 1.)

As the district judge pointed out in her Order dated November 8, 2021 (Dkt. No. 23), no stay of discovery has been issued in this action. *See also* Tr. of Nov. 5, 2021 Conf. (Dkt. No. 26) at 11 ("I am going to stay the time for the defendant[] to respond to the motion with respect to the counterclaims, and I think that's it."). Moreover, although the district judge refrained from entering a case management order – the parties having wisely agreed to attempt settlement before committing themselves to continued litigation of this action – it appears that a discovery

---

[1] As best this Court can determine, the underlying state court action was filed against Paravas by a law firm alleging "breach of the parties' contingency fee agreement." *See Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP v. Paravas*, 192 A.D.3d 609, 146 N.Y.S.3d 30 (1st Dep't 2021). The relevance of the files in that case to the claims and defenses here is unclear.

conference was conducted pursuant to Fed. R. Civ. P. 26(f) (*see* Dkt. No. 13 at 2), and competing proposed discovery plans were submitted. (Dkt. Nos. 14, 16.) Therefore, discovery is not prohibited by Fed. R. Civ. P. 26(d)(1). If the parties believe that a stay of discovery in this action is appropriate pending the settlement conference now scheduled for November 30, 2021 (*see* Dkt. No. 28) or the case management conference now scheduled for December 20, 2021, in the event the case does not settle (*see* Dkt. No. 29), they may so stipulate. Alternatively, any party may seek such a stay by letter-application in accordance with § 2(b) of my Individual Practices.

Whether or not discovery is stayed in this action, the Court cannot, on the present record, enjoin defendant from pursuing an unsealing application in state court. *See* 28 U.S.C. § 2283 (subject to certain exceptions not applicable here, a federal court "may not grant an injunction to stay proceedings in a State court"); *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties."). To the extent plaintiff objects to the state court unsealing application, she may of course proceed in accordance with state law to interpose her objections in that forum.

Dated: New York, New York
       November 17, 2021                    SO ORDERED.

                                            _____
                                            **BARBARA MOSES**
                                            **United States Magistrate Judge**