UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRISHA PARAVAS,

    Plaintiff,

-against-

DR. MORAN CERF,

    Defendant.

21-CV-7463 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed below, the Court will disregard, and maintain under seal as improperly filed, several documents placed on the docket by *pro se* plaintiff Trisha Paravas.

### Unauthorized Supplemental Affidavit

Plaintiff initiated this action on September 7, 2021, accusing defendant Moran Cerf of sexual assault and related misconduct. Compl. (Dkt. No. 1) ¶¶ 91-114. Defendant answered on October 15, 2021, and asserted counterclaims for defamation, based in part on the allegation that plaintiff emailed her Complaint to various "professional connections" of defendant on the day she filed it. Ans. (Dkt. No. 12) ¶¶ 85-111. Plaintiff moved to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) on November 4, 2021, asserting the "absolute Defense of Immunity." Pl. Mtn. to Dismiss (Dkt. No. 17) at 5. That same day, she filed a 9-page Affidavit in which she "affirm[ed] and confirm[ed] each and every allegation" made in her Complaint, Paravas Aff. (Dkt. No. 18) ¶ 2, and went on to summarize and discuss the evidence supporting her allegations, present various arguments as to why the Court should credit those allegations rather than defendant's denials and defenses, and accuse defendant and his counsel of various species of misconduct. *Id.* ¶¶ 3-17.

On November 8, 2021, the Hon. Ronnie Abrams, United States District Judge, referred this action to me for general pretrial management, including settlement. (Dkt. No. 21.) In deference to plaintiff's *pro se* status, and because she might have believed (mistakenly) that the Court could consider her Affidavit in connection with her motion to dismiss defendant's defamation counterclaim, I did not

strike that document from the record of this action.[1] On December 20, 2021 (after the parties' initial settlement efforts were unsuccessful), I issued a Case Management and Scheduling Order directing defendant to file his papers in opposition to the motion to dismiss by January 21, 2022, and making plaintiff's optional reply papers due by February 4, 2022. Case Mgmt. Order (Dkt. No. 33) ¶ 3.

On January 18, 2022, plaintiff filed a 19-page Amended Affidavit, "to refute false allegations made by the opposing party which demonstrates Dr. Cerf's lack of credibility and misrepresentation he made regarding me." Amend. Paravas Aff. (Dkt. No. 38) ¶ 2. It is not clear what prompted this filing. Defendant had not yet responded to plaintiff's motion to dismiss. Nor had he filed any other substantive pleading, motion, brief, or other paper since interposing his Answer on October 15, 2021. In her Amended Affidavit, plaintiff repeats and expands on the assertions made in her original Affidavit, and adds a variety of new charges and arguments. For example, she accuses defendant of altering an article about him in Wikipedia after she served a preservation-of-evidence letter on June 14, 2021, Amend. Paravas Aff. ¶¶ 19-20.[2] Additionally, she asserts that her cellphone records contradict his allegations concerning who called whom on April 14, 2021, the day after the alleged assault, *id*. ¶¶ 22-23, and avers that he is "a pathological liar." *Id*. ¶ 36. Plaintiff concludes by asking the Court to "dismiss the counterclaim brought by defendant." *Id*. at 19. Apparently due to the content of the Amended Affidavit, the Clerk of Court placed it under temporary electronic seal when filed. On January 19, 2022, plaintiff

---

[1] Because a Rule 12(b)(6) motion tests "the legal, not the factual sufficiency" of the challenged pleading, *Meadows v. City of New York*, 2011 WL 864832, at *3 (E.D.N.Y. March 11, 2011), and because when faced with such a motion the Court must assume the truth of the well-pleaded facts contained therein, *id*.; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 203 (S.D.N.Y. 2015) (applying same standard to motion to dismiss a counterclaim), the Court cannot consider extrinsic evidentiary material such as plaintiff's Affidavit in connection with her motion. *See generally Khurana v. Wahed Inv., LLC*, 2019 WL 1430433, at *5 (S.D.N.Y. Feb. 26, 2019) (explaining the limited universe of documents a court may consider when deciding a Rule 12(b)(6) motion), *report and recommendation adopted,* 2019 WL 1432589 (S.D.N.Y. Mar. 29, 2019).

[2] Oddly, the "revision history" on which plaintiff relies for this charge appears to show that revisions were made to the subject Wikipedia article in *April* 2021. Amend. Aff. ¶ 20.

wrote to the Pro Se Office, requesting that it be unsealed (placed in "public view") because she "double verified it" and it is "only an amended affidavit." (Dkt. No. 39.)

Litigation, including motion practice, is an ordered process. Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order. Plaintiff filed a complete set of opening papers on November 4, 2021. The Court did not authorize her to supplement or expand those papers more than two months after she filed them, and the unfairness to defendant, whose papers were due three days later (and were timely filed) is clear. Consequently, the Amended Affidavit will be disregarded. *See Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, 2021 WL 1518329, at *1 & n.3 (S.D.N.Y. Apr. 16, 2021) (declining to consider various unauthorized filings and noting that "[p]laintiff's *pro se* status does not absolve her from complying with this Court's rules"); *Sachs v. Matano*, 2016 WL 4179792, at *2 & n.5 (E.D.N.Y. July 15, 2016) (declining to consider unauthorized sur-reply filed by *pro se* party), *report and recommendation adopted,* 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016). Because the Amended Affidavit is not a "judicial document," as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and its progeny, it will remain under seal.

### Settlement-Related Letter

Although the parties' initial settlement efforts were unsuccessful, they have continued to negotiate, under my supervision, and I have issued a series of settlement-related scheduling orders to facilitate that process. (*See* Dkt. Nos. 28, 31, 37.) The parties were cautioned in my initial settlement conference scheduling order that "[a]ll proceedings at the settlement conference will be confidential," and that settlement "[d]iscussions are 'off the record,' and may not be used in discovery or at trial." (Dkt. No. 28 ¶ 5.) I have reinforced that point several times during the conferences themselves, emphasizing to the parties that although certain settlement-related requests (for example, relating to scheduling and attendance), may be made on the public docket, the substance of the parties' negotiations must be kept confidential. To that end, I have specifically directed the parties to submit

substantive settlement-related materials to chambers, confidentially, by email. (Dkt. No. 28 ¶ 3; Dkt. No. 31; Dkt. No. 37.)

On December 27, 2021, plaintiff filed a letter on the public docket – rather than by email as directed – reporting that she had accepted certain proposed settlement terms but complaining about the settlement-related conduct of defendant's counsel, who, in her view, was not moving quickly enough to provide her with certain other terms. (Dkt. No. 36.) Because plaintiff's letter should have been submitted confidentially by email, it too will be sealed. *See United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998) (approving sealing order to protect settlement negotiations); *Blackboard Inc. v. Int'l Bus. Machines Corp.*, 2021 WL 4776287, at *2 (S.D.N.Y. Oct. 12, 2021) (approving sealing of "confidential settlement discussions"). Plaintiff is cautioned that future settlement-related communications – which like any other submission will be accepted only if authorized by the Court – must be submitted in the manner directed by the Court, and must not publicly reveal the substance of the parties' ongoing settlement negotiations.

### Conclusion

For the reasons set forth above, the Clerk of Court is respectfully directed to place the letter at Dkt. No. 36 under electronic seal (at the "applicable party" level, accessible to plaintiff, to defendant's counsel, and to the Court and its staff) and to maintain the Amended Affidavit at Dkt. No. 38 under electronic seal at its current viewing level.

Dated:  New York, New York
        January 24, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**