```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

TRISHA PARAVAS,

        Plaintiff,

-against-

DR. MORAN CERF,

        Defendant.

21-CV-7463 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at today's discovery conference, it is hereby ORDERED as follows:

1. <u>Non-Public Communications</u>. The Court will disregard the non-public e-mail that plaintiff Paravas sent to chambers (with a copy to opposing counsel) in advance of today's conference. Plaintiff is reminded that communications related to discovery disputes (and other matters tendered to the Court for decision) must be placed on the docket of this matter via ECF, in accordance with the Federal and Local Rules and my Individual Practices, available at https://nysd.uscourts.gov/hon-barbara-moses. Communications related solely to settlement may be submitted confidentially, but only when and "if authorized by the Court." (Dkt. No. 42, at 4.)

2. <u>HIPAA Releases and Protective Order Stipulation</u>. No later than **February 25, 2022**, plaintiff shall execute and return the HIPAA releases sent to her by opposing counsel. No later than **March 4, 2022**, plaintiff shall provide her response, including any proposed modifications, to the form of stipulated protective order sent to her by opposing counsel. No later than **March 11, 2022**, the parties shall submit their stipulated protective order to the Court for signature or – if they cannot agree on a form of order – shall submit the competing versions, redlined to show the differences, *without argument*.

3. <u>Initial Disclosures</u>. No later than **March 23, 2022**, plaintiff shall supplement her initial disclosures, in compliance with Fed. R. Civ. P. Rule 26(a)(1)(A) and 26(e). In her supplemental disclosures, plaintiff must provide:

    (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that plaintiff may use to support her claims or defenses, unless the use would be solely for impeachment;

    (ii) a copy of all documents, electronically stored information, and tangible things that plaintiff has in her possession, custody, or control and may use to support her claims or defenses, unless the use would be solely for impeachment;

    (iii)    a computation (or estimate, if a precise calculation cannot be made) of each category of damages claimed by plaintiff – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation (or estimate) is based, including materials bearing on the nature and extent of injuries suffered.

4.    <u>Interrogatories</u>. No later than **March 23, 2022**, plaintiff shall respond to defendant's interrogatories, in accordance with Fed. R. Civ. P. 33(b).

5.    <u>Deposition of Dr. Cerf</u>. There is no priority of deposition in federal court. Plaintiff may, if she wishes, conduct an early deposition of defendant Cerf, in compliance with Fed. R. Civ. P. 30. However, she must first comply with the discovery obligations set forth in this Order. In addition, as discussed at the conference, if plaintiff chooses to conduct Dr. Cerf's deposition prior to the substantial completion of written discovery, she should not expect a second opportunity to question him based on information discovered after that deposition.

Dated: New York, New York
       February 23, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**